**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>*Debtor-in-Possession.* | Chapter 11<br><br>Case No. 18−23408 (RDD) |

# ORDER CONFIRMING SECOND AMENDED
# PLAN OF LIQUIDATION FILED BY 34 W 128 FUNDING INC.

Upon the request for confirmation of the Second Amended Plan [Docket No. 33] (the "Plan") filed by 34 W 128 Funding Inc. ("34 Funding" or "Plan Proponent") on April 24, 2019; and upon all objections and other pleadings filed in connection therewith; and the Bankruptcy Court[1] having reviewed the Plan and all exhibits thereto and having held the hearing on such request on June 26, 2019 (the "Confirmation Hearing"); the Bankruptcy Court having taken judicial notice of the papers and pleadings on the Bankruptcy Court's docket in the bankruptcy case of the above-captioned debtor and debtor in possession (the "Debtor"); and the two filed objections to confirmation of the Plan having been resolved, overruled or withdrawn; and the Bankruptcy Court finding that: (a) notice of the Confirmation Hearing was adequate and appropriate;,(b) the Plan meets all requirements for confirmation including the applicable requirements of 11 U.S.C. § 1129(a)-(b), and (c) the Plan Proponent having established good and sufficient cause for the relief granted herein,

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Plan.

1

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES**[2] that:

A.  34 Holding Corp. (defined above as the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 11, 2018 (the "<u>Petition Date</u>").

B.  This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).

C.  As of the Petition Date, the Debtor's principal assets were in New York, New York.  Accordingly, venue in the Southern District of New York was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

D.  The Debtor is an entity eligible for relief under section 109 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

**A.**     <u>**Confirmation of Plan**</u>

1.      The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code. On the Effective Date of the Plan, except as otherwise provided in the Plan, title to all property of the Debtor's estate shall vest in the Plan Administrator and/or be transferred in accordance with the terms of the Plan and the Plan Administrator shall have the authority, and is hereby directed, to carry out the terms of the Plan as set forth therein.

---

[2] This Confirmation Order constitutes the Bankruptcy Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Rule 9014 and 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

2.      As set forth herein and in the Plan, the classification scheme of Claims and Equity Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  Class 1, in which there are no creditors, is hereby struck from the Plan.  Claims and Equity Interests in each particular Class are substantially similar to other Claims or Equity Interests contained in such Class.

3.      The Plan Administrator is hereby authorized to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court or authorization of the Debtor.  On the Effective Date, the Debtor's representatives shall make available for pick up (i) all keys to the real property located at 34 W 128 Street, New York, NY 10027 (the "Property") and (ii) the Debtor's original corporate and financial books and records[3] (to the extent they exist) to the extent reasonably requested by the Plan Administrator for the purposes of carrying out the terms of the Plan.  The Debtor's representatives shall cooperate with the reasonable requests of the Plan Administrator to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court.

4.      The Plan is hereby expressly clarified as follows:  The claims of Robert A. Abrams, Claim Nos. 4 and 5 in this case (the "Abrams Claims"), are unimpaired under the Second Amended Plan and shall be paid in full in cash on the later of the Distribution Date or the

---

[3] The Debtor may retain a copy of the books and records if it so chooses.

3

date they become allowed claims, and (ii) notwithstanding anything in the Second Amended Plan or this Confirmation Order, nothing shall impair Abrams' state law rights to seek payment from 34 Funding to the extent such claim is not paid as set forth herein and under the Second Amended Plan.

5. Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, the Plan shall bind all Holders of Claims and Equity Interests, whether or not such Holders voted to accept or reject the Plan.

6. Pursuant to section 1146(a) of the Bankruptcy Code and applicable State law, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument necessary or appropriate to effectuate a transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax.

7. All fees payable pursuant to 28 U.S.C. § 1930, together with any interest thereon pursuant to 31 U.S.C. §3717, as determined by the Bankruptcy Court as of the Confirmation Date, to the extent not previously paid by the Debtor, shall be paid by the Plan Administrator from the operating income, if any, of the estate pending the Closing on the Sale of the Property and, upon the Closing, from the Sales Proceeds and, if applicable, Avoidance Action recoveries. If 34 Funding is the successful bidder based on a credit bid, and there are no other funds available to pay the statutory fees pursuant to 28 U.S.C. § 1930, together with any interest thereon pursuant to 31 U.S.C. § 3717, then such fees shall be paid at the Closing in full in cash by 34 Funding.

8. The Bankruptcy Court retains jurisdiction over the Debtor, the Plan Administrator, and the Plan to the fullest extent as permitted by applicable law in order to,

without limitation, resolve disputes over the implementation or interpretation of this Confirmation Order and the Plan.

B.    **Professional Fee/Section 503 Claims**

9.    The Debtor's counsel shall file with the Bankruptcy Court an application for allowance of professional fees no later than the earlier of 30 days after the Effective Date or three business days before the Closing so that adequate reserves may be established at Closing. Any fees not sought by that date shall be deemed waived and disallowed.  Notwithstanding any prior orders of the Bankruptcy Court, the compensation (if any) payable to Harlem Lofts, as set forth in the Harlem Lofts retention order [Docket No. 42] and in the "Exclusive Right to Sell Agreement" referenced in such order may be paid at the Closing without further order of the Bankruptcy Court.  Within three (3) business days after the Effective Date, the Plan Proponent shall file with the Bankruptcy Court and serve on the Debtor, Debtor's counsel, the Office of the United States Trustee, and all parties in interest, an application, if any, asserted by 34 Funding for fees and/or expenses pursuant to section 503(b) of the Bankruptcy Code and shall include in such application an estimate of fees through Closing.  Any such fees and expenses not sought by that date shall be deemed waived and disallowed.

C.    **Binding Effect**

10.    In accordance with section 1141 of the Bankruptcy Code, the provisions of the Plan shall be binding upon the Debtor, any official or unofficial committee (if any), any Person acquiring or receiving property under the Plan, any party to a contract or agreement with any Debtor, any lessor or lessee of property to or from the Debtor and any holder of a Claim against or an Equity Interest in the Debtor, whether or not such Claim or Equity Interest is Impaired under the Plan and whether or not such holder has filed a proof of Claim or Equity Interest or has

5

accepted the Plan or is entitled to a Distribution. In accordance with section 1141(d)(3) of the Bankruptcy Code, this Confirmation Order shall not be deemed to discharge any of the Debtors' debts.

### D.    Effectiveness of All Actions

11.    Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on or after the Confirmation Date pursuant to the Confirmation Order, without further application to, or order of the Bankruptcy Court.

### E.    Approval of Consents

12.    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

### F.    Effect of Conflict Between the Plan and Confirmation Order

13.    If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

### G.    Final Confirmation Order

14.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

### H.    General Provisions

15.    The Plan is incorporated in full herein.  Failure specifically to include or refer to any particular sections or provisions of the Plan or any related agreement in the Confirmation

Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Bankruptcy Court that the Plan be confirmed and such related agreements be approved in their entirety.

16.  The provisions of this Confirmation Order are non-severable and mutually dependent.

17.  Notwithstanding anything to the contrary herein, in the Plan or otherwise, the Plan Administrator shall file objections, if any, to claims or interests by no later than three (3) business days prior to the Closing (the "<u>Objection Deadline</u>") and the Plan Administrator shall file and serve no less than ten (10) days prior to the scheduled Closing a notice of Closing on all parties in interest, and further any claims or interests not objected to by the Objection Deadline shall be deemed Allowed for all purposes under the Plan.  34 Funding has represented that it has no objection to the Abrams Claims.

18.  The Debtor shall, within ten days from the entry of this Confirmation Order, simultaneously file and provide to the Office of the United States Trustee operating reports indicating the cash disbursements for March 2019 through the June 2019.

19.  Notwithstanding anything to the contrary herein, in the Plan or otherwise, to the extent there are insufficient funds available from the Sales Proceeds or otherwise for distribution to pay the Allowed amounts of the Abrams Claims, 34 Funding shall pay such Allowed amounts in full no later than at the Closing or on the Distribution Date.

20.  Notwithstanding anything to the contrary herein, in Section 1.4 of the Plan, or otherwise, any party in interest may object to any claim asserted by 34 Funding including 34 Funding's prepetition claim, claim for postpetition legal fees, interest, and/or advances or substantial contribution, provided however that any such objections shall be filed with the

Bankruptcy Court and served on 34 Funding so as to be received by 34 Funding's counsel no later than 4:00 PM on the Objection Deadline, and further, to the extent any such claim or portion thereof is not objected to by the Objection Deadline it shall then be deemed Allowed for all purposes under the Plan.  34 Funding has represented that it has no objection to the Abrams Claims.

20.    The Plan Administrator shall file with the Bankruptcy Court, on no less than a quarterly basis, a report on the status of the implementation of the Plan and shall serve same on all parties in interest.  Further, the Plan Administrator shall file with the Bankruptcy Court, on no less than a quarterly basis, reports of the Debtor's disbursements, within 15 days after the conclusion of each such period until the entry of the Final Decree closing Debtor's bankruptcy case.  Any such report shall be prepared consistent with (both in terms of content and format) the applicable Bankruptcy Court and the United States Trustee's Guidelines for such matters.

22.    The Plan Administrator shall, within five (5) business days of the final distribution under the Plan, file a request with the Bankruptcy Court for a final decree and to Close this chapter 11 case.

Dated: June 28, 2019                    /s/ Robert D. Drain
       White Plains, New York             United States Bankruptcy Judge

8