UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>    *Debtor-in-Possession.* | Confirmed Chapter 11<br><br>Case No. 18−23408 (RDD) |

**ORDER ON MOTION FOR CONTEMPT
AND MOTION TO SHORTEN NOTICE [Docket Nos. 60, 61]**

Upon the motions (the "**Motion for Contempt**" and the "**Motion to Shorten Notice**" and collectively, the "**Motions**") filed by 34 W 128 Funding Inc. in its capacity as plan administrator (the "**Plan Administrator**") of the confirmed second amended plan of liquidation in this case (the "**Plan**") [Docket No. 33], pursuant to the Plan and the order confirming same (the "**Confirmation Order**") [Docket No. 49], for an order (A) (i) compelling compliance with the Confirmation Order, (ii) finding Trendi Homes LLC d/b/a Trendihomes.com ("**Trendi Homes**"), Genoa Sampson a/k/a Gigi Fortune, a/k/a Genea Sampson ("**G. Sampson**"), and Jazzy Sampson a/k/a Jazzy Fortune ("**J. Sampson**", and collectively, the "**Trendi Home Parties**") in civil contempt for violation of the Confirmation Order, (iii) directing the Trendi Homes Parties to vacate the property located at 34 W 128 Street, New York, NY 10027 (the "**Property**"), (iv) directing the Trendi Homes Parties to turn over all books, records and documents related to their use of Debtor and Post-Confirmation Estate[1] property for short-term rentals, and (v) awarding costs and fees of the Plan Administrator, and (B) seeking an order shortening time for the Motion

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Confirmation Order and Plan.

1

for Contempt; and upon the record of and representations made at the hearing held by the Court on the Motions on August 6, 2019 (the "**Contempt Hearing**"), including the representations of Jeffrey Klein, the principal of the above-captioned debtor (the "**Debtor**") and all of the pleadings and proceedings in this case, of which the Court takes judicial notice; and, after due deliberation, the Court having determined that granting the Motion to Shorten Notice is warranted by the material adverse impact of the alleged conduct of the Trendi Home Parties on the implementation of the Plan, and that notice of the Motions was clear, sufficient and proper, particularly in the light of the Plan Administrator's prior interaction with the Trendi Home Parties; and the Trendi Homes Parties having been given sufficient notice of the Contempt Hearing and the Motions, and no opposition to the relief sought in the Motions having been filed and the Trendi Homes Parties having failed to appear at the Contempt Hearing; and, after due deliberation and for the reasons set forth on the record at the Contempt Hearing, this Court having found that (i) the Effective Date of the Plan occurred, (ii) the Plan Administrator had the authority to bring the Motions pursuant to the Plan and Confirmation Order, and (iii) this Court has core, post-confirmation jurisdiction (a) over this matter, (b) to enforce the Confirmation Order and Plan, (c) over the primary asset of this Post-Confirmation Estate, the real property located at 34 W 128 Street, New York, NY 10027 [Block 1725, Lot 53] (defined above as the **Property**) and (d) over claims in potential violation of section 549 of the Bankruptcy Code; and the Court having found that it has the power to issue a civil contempt sanction pursuant to 28 U.S.C. sec. 157(b)(2) and pursuant to the power inherent in all courts to address breaches of their orders or the statutes that this Court is administering; and good and sufficient cause appearing,

**THE COURT HEREBY FINDS, DETERMINES, AND ORDERS AS FOLLOWS:**

1. The Motion to Shorten Notice is granted.

2. The Motion for Contempt is granted in part, denied in part, and otherwise adjourned as set forth herein.

3. To the extent there was any pre- or postpetition agreement between any one or more of the Trendi Homes Parties or anyone on their behalf or at their direction, on the one hand, and the Debtor or anyone acting on its behalf or at its direction, such agreement is null and void as an agreement outside of the Debtor's ordinary course of business, because any such agreement was not approved by this Court and would violate section 549 of the Bankruptcy Code. *See In re Lavigne,* 114 F.3d 379, 384 (2nd Cir. 1997).

4. The Trendi Homes Parties, whether individually or collectively, therefore do not hold any valid possessory or other interest in the Property and the Trendi Homes Parties are hereby enjoined from any continued occupation of, control over, or interference with the Property, whether individually or collectively, or by anyone on their behalf or at their direction, and any continued occupation of, control over, or interference with the Property by the Trendi Homes Parties, whether individually or collectively, is a violation of this Order and the Confirmation Order.

5. Trendi Homes LLC d/b/a Trendihomes.com, Genoa Sampson a/k/a Gigi Fortune, a/k/a Genea Sampson, and Jazzy Sampson a/k/a Jazzy Fortune are each hereby ORDERED, within 14 days of the entry of this Order to disclose and turn over to the Plan Administrator all of their books and records pertaining to the Property (or true and accurate copies thereof), including, without limitation, (i) copies of all emails, other written communications, or documents of any kind including agreements and proposed or draft agreements between the Trendi Homes Parties (collectively and/or any one of them) and any other person concerning the

3

Property, including, but not limited to, communications with Vrbo.com or HomeAway.com or any other short-term rental companies but only to the extent such communications or documents concern the Property, (ii) all financial records concerning any income or payments of any kind that the Trendi Homes Parties (collectively and/or any one of them) or anyone on their behalf received from any source related to the Property at any time, (iii) any payments the Trendi Homes Parties (collectively and/or any one of them) or anyone on their behalf made to any other person or entity with respect to the Property at any time, and (iv) any communications from any governmental, taxing or regulatory authority with respect to the Property.

6. The Plan Administrator's rights with respect to all matters of discovery and its rights to bring claims against Trendi Homes Parties, collectively or any one of them, or against any other person or entity on account of, without limitation, any parties' use and occupancy of the Property and any revenue derived from the Property, are expressly preserved.

7. The Court does not find the Trendi Homes Parties in contempt of the Confirmation Order; provided, that any violation of this Order or of the Confirmation Order from and after August 6, 2019 by the Trendi Homes Parties collectively or by any one of them shall be punishable by the sanction of contempt.

8. The Plan Administrator shall serve this Order immediately upon entry by email, where email addresses are known, and by overnight mail on the Trendi Homes Parties and by email upon the Office of the United States Trustee, Debtor's counsel, and all other case parties who have requested notice in this confirmed chapter 11 case.

9. The balance of the Motion for Contempt concerning legal fees and costs is adjourned to a date to be determined by the Court.

Dated: August 9, 2019     /s/ Robert D. Drain
   New York, New York     United States Bankruptcy Judge