**Hearing Date: September 17, 2019 at 10:00 a.m.**
**Objection Deadline: September 10, 2019 at 4:00 p.m.**

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419

*Attorneys for 34 W 128 Funding Inc. in its capacity of Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>*Debtor-in-Possession.* | Confirmed Chapter 11<br><br>Case No. 18−23408 (RDD) |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that annexed hereto is a true and correct copy of motion entitled *VERIFIED* MOTION OF PLAN ADMNINSTRATOR FOR A JUDGMENT OF CIVIL CONTEMPT OF THIS COURT'S AUGUST 9, 2019 "ORDER ON MOTION FOR CONTEMPT AND MOTION TO SHORTEN NOTICE" [Docket No. 69] AND FOR THE IMPOSITION OF SANCTIONS AGAINST THE TRENDI HOMES PARTIES (the "Motion"), which will be heard before the Honorable Robert D. Drain, at the United States Bankruptcy Court for the Southern District of New York, located at 300 Quarropas Street, White Plains, NY 10601-4140, on September 17, 2019 at 10:00 AM.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motions must be filed with the Court and served on the undersigned counsel, so as to be received no later than September 10, 2019 at 4:00 PM (New York).

Dated: August 30, 2019　　　　　　　　　　RAVERT PLLC
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　By: /s/ Gary O. Ravert
　　　　　　　　　　　　　　　　　　　　　Gary O. Ravert
　　　　　　　　　　　　　　　　　　　116 West 23rd Street, Fifth Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10011
　　　　　　　　　　　　　　　　　　　Tel: (646) 966-4770
　　　　　　　　　　　　　　　　　　　Fax: (917) 677-5419

　　　　　　　　　　　　　　　　　　　*Attorneys for 34 W 128 Funding Inc. in its capacity of Plan Administrator*

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419

*Attorneys for 34 W 128 Funding Inc. in its capacity of Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>*Debtor-in-Possession.* | Confirmed Chapter 11<br><br>Case No. 18−23408 (RDD) |

***VERIFIED* MOTION OF PLAN ADMNINSTRATOR FOR A JUDGMENT OF CIVIL CONTEMPT OF THIS COURT'S AUGUST 9, 2019 "ORDER ON MOTION FOR CONTEMPT AND MOTION TO SHORTEN NOTICE" [Docket No. 69] AND FOR THE IMPOSITION OF SANCTIONS AGAINST THE TRENDI HOMES PARTIES**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      34 W 128 Funding Inc. in its capacity as plan administrator (the "**PA**"), by and through its counsel, hereby submits this verified motion (the "**Motion**") in the confirmed chapter 11 case of the above-captioned debtor (the "**Debtor**"), pursuant to the PA's authority under the confirmed chapter 11 plan (the "**Plan**") [Docket No. 33] and order confirming same (the "**Confirmation Order**") [Docket No. 49] and pursuant to section 105(a) of the Bankruptcy Code and Rules 7004, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an (a) order and judgment finding Trendi Homes LLC d/b/a Trendihomes.com ("**Trendi Homes**"), Genea Victoria Sampson, a/k/a Genoa Sampson a/k/a

Gigi Fortune (" **G. Sampson** "), and Jazzy Sampson a/k/a Jazzy Fortune (" **J. Sampson** ", and collectively, the " **Trendi Home Parties** ") in civil contempt for the willful violation of this Court's August 9, 2019 "Order on Motion for Contempt and Motion to Shorten Notice" (the " **August 9th Order** ") and imposing a monetary sanction jointly and severally upon the Trendi Homes Parties (i) in the amount of $10,000 *to punish the willful contempt* of the August 9th Order, and (ii) in the amount of $1,000 per day *to compel compliance* with such August 9th Order for their willful failure to comply with the August 9th Order's direction to turn over all books, records and documents related to the use of the property located at 34 W 128 Street, New York, NY 10027 (the " **Property** ") during the pendency of this chapter 11 case for short-term rentals; and (b) awarding costs and fees of the PA; and respectfully represents as follows:

## BACKGROUND

1.  As with the motion for contempt (the " **First Contempt Motion** ") filed by the PA on July 29, 2019 [Docket No. 60], the relevant facts leading to this contempt motion are not in dispute. In sum, there appears there was a scheme involving multiple people to interfere with the orderly liquidation of this Post-Confirmation Estate[1] and, prior to confirmation, to generate income from the Property and conceal the amounts of such income, conceal the actual proceeds, rents or profits, and conceal the recipients thereof from this Court and from creditors. The orderly liquidation includes, but is not limited to, the PA's duty to pursue claims and amounts that may be owed to this estate for the wrongful, unauthorized use of Debtor and Post-Confirmation Estate property by the Trendi Homes Parties and those that have aided them. It is clear that until substantial monetary sanctions are awarded and the circle of potential participants and disclosure parties is widened, the interests of creditors cannot be protected. The reality is

---

[1] The terms used herein but not defined herein shall have the meaning ascribed to them in the Plan and/or Confirmation Order as appropriate.

that until some disclosures are made, the PA has no way to know if something untoward occurred. What appears to be known and is not in dispute is that the Trendi Homes Parties financially benefited from the Debtor's Property during the chapter 11 and then left the Property saddled with thousands of dollars of utility bills that the PA had to pay to avoid shutoff of gas and electric, a damaged front door, broken locks which the PA had to pay to replace or fix, sinks full of dirty dishes, garbage and rotting food in refrigerators, and generally filthy conditions that MYC had to clean to make the place presentable for showing. The PA has tried up until now to narrowly tailor its efforts to get information to avoid incurring unnecessary legal fees that could potentially reduce creditor and equity recoveries. The PA cannot fulfill what it sees as its duty to creditors and its responsibility to vocal, concerned creditors like Webster Business Credit/A.J. Partners and Adrian George, who rightfully expect that contemnors are punished for willfully disregard the August 9th Order and be compelled to turn over information regarding the financial affairs of this estate. The waste of resources associated with these pleadings should ultimately be assessed against the Trendi Homes Parties and those that aided them.

2.  The authority of the PA to act is also not disputable. On June 28, 2019 this Court entered the Confirmation Order confirming the Plan. Pursuant to the Plan and Confirmation Order, the W. 128th Street Property, formerly owned by the Debtor in this case, vested in the PA and was to be auctioned by the PA and an auctioneer for the benefit of creditors and interest holders. Under the Plan, the term "Property" also includes "any and all of the Debtor's rents, accounts receivable, . . . royalties, issues, **profits, revenue, income,** general intangibles, leases, licenses, tenancies, Cash, Causes of Action . . ." Plan ¶1.63 (emphasis added). Under the Plan, in addition to the real property, Avoidance Actions and Causes of Action also vested in the PA. *See* Plan ¶9.13, 9.16. On the Effective Date, which passed when the Confirmation Order went

final and non-appealable 14 days after entry, all of the Property and Avoidance Actions of the Debtor's estate passed to the PA for transfer and/or prosecution in accordance with the Plan.  On July 14 and 15, 2019, the PA filed and served via email and hard copy the Notice of Entry and Notice of Effective Date.

3. The Confirmation Order authorizes the PA to

> to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court or authorization of the Debtor.

Conf. Ord. ¶3.  The Plan in numerous places grants broad authority to the PA to carry out the provisions of the Plan and take actions for the benefit of the Post-Confirmation Estate.  This Court retained jurisdiction over the Plan and implementation thereof.  Conf. Ord. ¶8.

4. On July 16, 2019, in the presence of Robb Pair of Harlem Lofts, the PA posted the Property inside the front hallway, on the inside front door facing out, and in the downstairs windows facing the street with copies of the Confirmation Order and the Notice of Responsible Person with a warning in bold capital letters about actions taken on the Property without the PA's consent and the effect and consequences thereof.  Someone tore down all those notices.

5. On July 18, 2019, the PA through undersigned counsel served G. Sampson via email with a copy of the Plan and Confirmation Order and included with it a plain English explanation that the Property transferred to the PA pursuant to the Confirmation Order and Plan and that the Debtor lacked any further authority over the Property.

6. Notwithstanding multiple warnings and the Confirmation Order, the Trendi Homes Parties refused to vacate the Property.  On July 29, 2019, the PA moved for contempt (the "First Contempt Motion") [Docket Nos. 60, 61] after one of Trendi Homes Parties claimed to possess the Property as a squatter and then continued, without Court approval, to run their

AirBnB business out of the Property through early August. All of the Trendi Homes Parties, as well as Mr. Klein and Mr. Stiles were served with the First Contempt Motion and a certificate of service was filed with this Court [Docket No. 62]. Mr. Klein appeared in support of that relief but neither the Trendi Homes Parties nor Mr. Stiles appeared or responded to such motion. On August 9, 2019, this Court entered a very clear order on the First Contempt Motion with very clear directions that the Trendi Parties were perfectly capable of complying with. Such August 9th Order included the following relevant findings and ordered provisions:

- the Effective Date of the Plan occurred,

- the Plan Administrator had the authority to bring the [First Contempt] Motion pursuant to the Plan and Confirmation Order,

- this Court has core, post-confirmation jurisdiction (a) over this [contempt] matter, (b) to enforce the Confirmation Order and Plan, (c) over the primary asset of this Post-Confirmation Estate, the real property located at 34 W 128 Street, New York, NY 10027 [Block 1725, Lot 53] and (d) over claims in potential violation of section 549 of the Bankruptcy Code;

- the Court has the power to issue a civil contempt sanction pursuant to 28 U.S.C. sec. 157(b)(2) and pursuant to the power inherent in all courts to address breaches of their orders or the statutes that this Court is administering; and good and sufficient cause appearing,

- to the extent there was any pre or postpetition agreement between the Trendi Homes Parties and anyone concerning the Property it was null and void because it was not Court-approved,

- the Trendi Homes Parties, individually or collectively, do not hold any valid possessory or other interest in the Property and they are enjoined from any continued occupation of, control over, or interference with the Property,

- the Trendi Homes LLC d/b/a Trendihomes.com, Genoa Sampson a/k/a Gigi Fortune, a/k/a Genea Sampson, and Jazzy Sampson a/k/a Jazzy Fortune are each hereby ORDERED, within 14 days of the entry of this Order to disclose and turn over to the Plan Administrator all of their books and records pertaining to the Property (or true and accurate copies thereof), including, without limitation, (i) copies of all emails, other written communications, or documents of any kind including agreements and proposed or draft agreements between the Trendi Homes Parties (collectively and/or any one of them) and any other person concerning the Property, including, but not limited to, communications with Vrbo.com or HomeAway.com or any other short-term rental

companies but only to the extent such communications or documents concern the Property, (ii) all financial records concerning any income or payments of any kind that the Trendi Homes Parties (collectively and/or any one of them) or anyone on their behalf received from any source related to the Property at any time, (iii) any payments the Trendi Homes Parties (collectively and/or any one of them) or anyone on their behalf made to any other person or entity with respect to the Property at any time, and (iv) any communications from any governmental, taxing or regulatory authority with respect to the Property, and

- any violation of this [August 9th] Order or of the Confirmation Order from and after August 6, 2019 by the Trendi Homes Parties collectively or by any one of them shall be punishable by the sanction of contempt.

A true and correct copy of that August 9th Order is attached hereto as Exhibit A.

7. The language and requirements of the August 9th Order are unambiguous, ands indeed crystal clear, as was the deadline to respond with such disclosures.

8. The August 9th Order was served on the Trendi Homes Parties by email and overnight mail as set forth in the certificate of service that was filed with this Court [Docket No. 71]. By email, it was served on G. Sampson and J. Sampson (as well as on Mr. Klein and Mr. Stiles) on August 9th and it was served by overnight mail for one business day delivery on G. Sampson (at her Santa Monica address, which is the mailing and principal place of business address that is listed for her in the Trendi Homes certificate of incorporation) and by overnight mail to Trendi Homes at its address for its registered agent in Wyoming. Both packages were recorded by USPS and UPS as delivered on August 13, 2019. The PA does not have a mailing address for J. Sampson so, apart from the email she received, a hard copy of that was unable to be served by the PA.

9. The 14th day after entry of the August 9th Order was no later than August 23, 2019. As of today, the 21st day since such Order was entered, the Trendi Homes Parties have not produced a single responsive document or record in response to the disclosure directive under paragraph 5 of the August 9th Order nor have they contacted the PA or its counsel. Accordingly,

- 6 -

the Trendi Homes Parties are in willful contempt of such August 9th Order and meaningful monetary sanctions are warranted.

10. For all of the foregoing reasons, by this Motion, PA requests that the Court (a) find the Trendi Homes Parties in civil contempt for the willful violation of this Court's August 9th Order and enter and order and judgment imposing a monetary sanction (i) in the amount of $10,000 upon the Trendi Homes Parties to punish the willful contempt and (ii) in the additional amount of $1,000 per day against the Trendi Homes Parties to compel compliance with such August 9th Order; and (b) awarding costs and fees of the plan administrator.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12. The statutory predicate for this Motion is section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7004, 9014, and 9020.

## RELIEF REQUESTED

13. The relief sought herein is sought pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004, 9014, and 9020, and this Court's inherent authority to enforce its own orders. The August 9th Order has already found the Court possesses contempt power in this case. "Federal courts have inherent 'equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices[.]" *Palmer v. County of Nassau*, 977 F.Supp.2d 161, 167 (E.D.N.Y. 2013) (citing *International Prods. Corp. v. Koons*, 325 F.2d 403, 408 (2d Cir.1963)) (internal quotes omitted). "Courts may impose sanctions and rely upon their inherent authority even where the conduct at issue is not covered by one of the other sanctioning

- 7 -

provisions. Moreover, a district court may resort to its inherent power to fashion sanctions, even in situations similar or identical to those contemplated by a statute or rule." *Palmer*, 977 F.Supp.2d at 167.

14. Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

15. This Court, pursuant to section 105 of the Bankruptcy Code, is vested with the power to enforce its own orders by virtue of its contempt powers and there is nothing unconstitutional about this exercise. *See Gibbons v. Haddad (In re Haddad)*, 68 B.R. 944 (Bankr.D.Mass. 1987); *In re Johns Manville Corp.*, 26 B.R. 919 (Bankr. S.D.N.Y. 1983). The civil contempt power is necessary to protect "the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Railway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).

16. In order to hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific and precise order and knowledge of such order. *See Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977). "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt." *Shillitani v. United States of America*, 384 U.S. 364, 368 (1966); *In re Damon*, 40 B.R. 367, 374 (Bankr. S.D.N.Y. 1984). The standard to apply to determine if there is contemptuous activity does not require a finding of bad faith motives or willfulness, both of which are appear to be present in this case:

> In order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the Order.

*Huber v. Marine Midland Bank*, 51 F.3d 5 (2d. Cir. 1995).

17. Bankruptcy Rule 9020 governs a motion for contempt made by a party in interest. Rule 9014 governs contested matters like this and service requirements in connection therewith. Rule 7004 provides for the method of service.

18. Although willfulness is not required, the Trendi Homes Parties are in willful contempt of the Confirmation Order. The Trendi Homes Parties were on actual notice of the August 9th Order. Such order was clear, unambiguous, and precise. The evidence is clear and convincing that it has not been complied with. Indeed there is no evidence that any effort has been made to turn over such disclosures. Finally, the Trendi Homes Parties have no basis to allege, and therefore could not clearly establish, an inability to comply with the terms of the August 9th Order. Accordingly, civil contempt and sanctions are warranted here and they should be substantial enough to punish the willful contempt and substantial enough going forward to coerce compliance with the August 9th Order in the future.

**Need for Information from Alternative Sources**

19. Given the Trendi Homes Parties contemptuous defiance of this Court's August 9th Order, the PA must expand the request for documents and information to the people or entities that the Trendi Parties are believed to have dealt with in connection with the use of the Property for short term rentals. The PA intends to move promptly for a 2004 order with respect to third parties reasonably believed to have knowledge, documents and other information about the Trendi Homes Parties' use of the Property for short term rents.

20. Accordingly, as set forth herein, the PA seeks and order and judgment (a) finding the Trendi Homes Parties in civil contempt for the willful violation of this Court's August 9th Order and imposing a monetary sanction (i) in the amount of $10,000 upon the Trendi Homes Parties to punish the willful contempt and (ii) in the additional amount of $1,000 per day against the Trendi Homes Parties to compel compliance with such August 9th Order; and (b) awarding costs and fees of the plan administrator.

## RESERVATION OF RIGHTS

21. The relief sought herein shall not impair in any way future claims including Avoidance Actions or Causes of Action against the Trendi Home Parties or any other person or entity that may be involved in Trendi Homes activities at the Property or otherwise. The PA expressly reserves all of its rights to bring any claim, Avoidance Action, or Cause of action against the Trendi Home Parties and any other third parties of which it may become aware. As of the date hereof, the PA still has very little information concerning how much money was made at the Property during this bankruptcy case and who got the benefit of that money. To the extent the Post-Confirmation Estate or its creditors have been harmed by the actions of the Trendi Homes Parties or any other persons known or unknown, the PA fully intends to fulfill its fiduciary duties to creditors and interest holders under the Plan to prosecute any and all Avoidance Actions or Causes of Action against those that harmed this Estate.

## NOTICE

22. Notice of this Motion has been provided to (a) counsel to the Debtor as well as to Jeffrey Klein, (b) the Office of the United States Trustee, (c) Trendi Homes, (d) G. Sampson, (e) J. Sampson, (f) Keith Stiles, (g) Harlem Lofts, (h) those non-moving parties who have filed a

notice of appearance in this case, and (i) all creditors and interest holders in this case. The Movant asserts that such notice is reasonable and no further notice is required.

### NO PRIOR REQUEST

23. Apart from the relief set forth in the first Contempt Motion, no prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, for all of the reasons stated herein, Movant requests entry of an Order and Judgment (a) finding the Trendi Homes Parties in civil contempt for the willful violation of this Court's August 9th Order and enter and order and judgment imposing a monetary sanction (i) in the amount of $10,000 upon the Trendi Homes Parties to punish the willful contempt and (ii) in the additional amount of $1,000 per day against the Trendi Homes Parties to compel compliance with such August 9th Order; (b) awarding costs and fees of the plan administrator. and (c) granting Movant such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 30, 2019　　　　　　　　　RAVERT PLLC
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　By: /s/ Gary O. Ravert
　　　　　　　　　　　　　　　　　　　　　　Gary O. Ravert
　　　　　　　　　　　　　　　　　　　　　　116 West 23 Street, Suite 500
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10011
　　　　　　　　　　　　　　　　　　　　　　Tel: (646) 961-4770
　　　　　　　　　　　　　　　　　　　　　　Direct Fax: (917) 677-5419

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for 34 W 128 Funding Inc. in its*
　　　　　　　　　　　　　　　　　　　　　　*capacity of Plan Administrator*

Upon the above VERIFIED MOTION OF PLAN ADMNINSTRATOR FOR A JUDGMENT OF CIVIL CONTEMPT OF THIS COURT'S AUGUST 9, 2019 ORDER ON MOTION FOR CONTEMPT [Docket No. 69] AND FOR THE IMPOSITION OF SANCTIONS AGAINST THE TRENDI HOMES PARTIES , I have read the above motion, have personal knowledge of its

contents and hereby declare under penalty of perjury that the contents and statements in the above verified reply are true and correct to the best of my knowledge.

Dated: August 30, 2019

Mark Levin

By: <u>Mark Levin_____</u>

    Mark Levin

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>         *Debtor-in-Possession.* | )<br>)<br>) Confirmed Chapter 11<br>)<br>) Case No. 18–23408 (RDD)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR CONTEMPT
AND MOTION TO SHORTEN NOTICE [Docket Nos. 60, 61]**

Upon the motions (the "**Motion for Contempt**" and the "**Motion to Shorten Notice**" and collectively, the "**Motions**") filed by 34 W 128 Funding Inc. in its capacity as plan administrator (the "**Plan Administrator**") of the confirmed second amended plan of liquidation in this case (the "**Plan**") [Docket No. 33], pursuant to the Plan and the order confirming same (the "**Confirmation Order**") [Docket No. 49], for an order (A) (i) compelling compliance with the Confirmation Order, (ii) finding Trendi Homes LLC d/b/a Trendihomes.com ("**Trendi Homes**"), Genoa Sampson a/k/a Gigi Fortune, a/k/a Genea Sampson ("**G. Sampson**"), and Jazzy Sampson a/k/a Jazzy Fortune ("**J. Sampson**", and collectively, the "**Trendi Home Parties**") in civil contempt for violation of the Confirmation Order, (iii) directing the Trendi Homes Parties to vacate the property located at 34 W 128 Street, New York, NY 10027 (the "**Property**"), (iv) directing the Trendi Homes Parties to turn over all books, records and documents related to their use of Debtor and Post-Confirmation Estate[1] property for short-term rentals, and (v) awarding costs and fees of the Plan Administrator, and (B) seeking an order shortening time for the Motion

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Confirmation Order and Plan.

1

for Contempt; and upon the record of and representations made at the hearing held by the Court on the Motions on August 6, 2019 (the "**Contempt Hearing**"), including the representations of Jeffrey Klein, the principal of the above-captioned debtor (the "**Debtor**") and all of the pleadings and proceedings in this case, of which the Court takes judicial notice; and, after due deliberation, the Court having determined that granting the Motion to Shorten Notice is warranted by the material adverse impact of the alleged conduct of the Trendi Home Parties on the implementation of the Plan, and that notice of the Motions was clear, sufficient and proper, particularly in the light of the Plan Administrator's prior interaction with the Trendi Home Parties; and the Trendi Homes Parties having been given sufficient notice of the Contempt Hearing and the Motions, and no opposition to the relief sought in the Motions having been filed and the Trendi Homes Parties having failed to appear at the Contempt Hearing; and, after due deliberation and for the reasons set forth on the record at the Contempt Hearing, this Court having found that (i) the Effective Date of the Plan occurred, (ii) the Plan Administrator had the authority to bring the Motions pursuant to the Plan and Confirmation Order, and (iii) this Court has core, post-confirmation jurisdiction (a) over this matter, (b) to enforce the Confirmation Order and Plan, (c) over the primary asset of this Post-Confirmation Estate, the real property located at 34 W 128 Street, New York, NY 10027 [Block 1725, Lot 53] (defined above as the **Property**) and (d) over claims in potential violation of section 549 of the Bankruptcy Code; and the Court having found that it has the power to issue a civil contempt sanction pursuant to 28 U.S.C. sec. 157(b)(2) and pursuant to the power inherent in all courts to address breaches of their orders or the statutes that this Court is administering; and good and sufficient cause appearing,

**THE COURT HEREBY FINDS, DETERMINES, AND ORDERS AS FOLLOWS:**

1. The Motion to Shorten Notice is granted.

2. The Motion for Contempt is granted in part, denied in part, and otherwise adjourned as set forth herein.

3. To the extent there was any pre- or postpetition agreement between any one or more of the Trendi Homes Parties or anyone on their behalf or at their direction, on the one hand, and the Debtor or anyone acting on its behalf or at its direction, such agreement is null and void as an agreement outside of the Debtor's ordinary course of business, because any such agreement was not approved by this Court and would violate section 549 of the Bankruptcy Code. *See In re Lavigne,* 114 F.3d 379, 384 (2nd Cir. 1997).

4. The Trendi Homes Parties, whether individually or collectively, therefore do not hold any valid possessory or other interest in the Property and the Trendi Homes Parties are hereby enjoined from any continued occupation of, control over, or interference with the Property, whether individually or collectively, or by anyone on their behalf or at their direction, and any continued occupation of, control over, or interference with the Property by the Trendi Homes Parties, whether individually or collectively, is a violation of this Order and the Confirmation Order.

5. Trendi Homes LLC d/b/a Trendihomes.com, Genoa Sampson a/k/a Gigi Fortune, a/k/a Genea Sampson, and Jazzy Sampson a/k/a Jazzy Fortune are each hereby ORDERED, within 14 days of the entry of this Order to disclose and turn over to the Plan Administrator all of their books and records pertaining to the Property (or true and accurate copies thereof), including, without limitation, (i) copies of all emails, other written communications, or documents of any kind including agreements and proposed or draft agreements between the Trendi Homes Parties (collectively and/or any one of them) and any other person concerning the

3

Property, including, but not limited to, communications with Vrbo.com or HomeAway.com or any other short-term rental companies but only to the extent such communications or documents concern the Property, (ii) all financial records concerning any income or payments of any kind that the Trendi Homes Parties (collectively and/or any one of them) or anyone on their behalf received from any source related to the Property at any time, (iii) any payments the Trendi Homes Parties (collectively and/or any one of them) or anyone on their behalf made to any other person or entity with respect to the Property at any time, and (iv) any communications from any governmental, taxing or regulatory authority with respect to the Property.

6. The Plan Administrator's rights with respect to all matters of discovery and its rights to bring claims against Trendi Homes Parties, collectively or any one of them, or against any other person or entity on account of, without limitation, any parties' use and occupancy of the Property and any revenue derived from the Property, are expressly preserved.

7. The Court does not find the Trendi Homes Parties in contempt of the Confirmation Order; provided, that any violation of this Order or of the Confirmation Order from and after August 6, 2019 by the Trendi Homes Parties collectively or by any one of them shall be punishable by the sanction of contempt.

8. The Plan Administrator shall serve this Order immediately upon entry by email, where email addresses are known, and by overnight mail on the Trendi Homes Parties and by email upon the Office of the United States Trustee, Debtor's counsel, and all other case parties who have requested notice in this confirmed chapter 11 case.

9. The balance of the Motion for Contempt concerning legal fees and costs is adjourned to a date to be determined by the Court.

Dated: August 9, 2019　　　　　　　　　　　　　　/s/ Robert D. Drain_____
　　　　　New York, New York　　　　　　　　　　　United States Bankruptcy Judge