FILED
U.S. BANKRUPTCY COURT

2019 SEP -9  A 10: 00

S.D. OF N.Y.

**Hearing Date and Time:**
**September 17,2019 at 10:00 a.m.**

**Adrian P. George**
**Pro Se**
**Claimant # 2**
**7 Van Kirk Place**
**Sparta New Jersey 07871**
**973.703.6787**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------}{

In re:  34 Holding Corp.,                                    **Chapter 11**

                                                             **Case No.  18-23408 (RDD)**

-----------------------------------------------------------}{

### ADRIAN P. GEORGE
### CLAIMANT NO.2
### OBJECTION  TO 34 HOLDING CORP MOTION # 50
### OBJECTION TO CLAIM

TO:    **THE HONORABLE ROBERT D. DRAIN,**
        **JUDGE, U.S. BANKRUPTCY COURT**

        In response to the Motion #50 filed by 34 Holding Corp., ( the D ebtor) in the above

entitled matter has filed an Objection (the "Objection") to the proof of Claim No.2 filed

on September 27, 2018 and entered on the Claims Register on November 7, 2018 ("POC-

2"). by Adrian P. George (the "Creditor/Claimant#2/[ECF36]"). As the Claimant, I

respectfully submit the following:

#### <u>Motion #50 requesting the denial of Claim#2 should not be granted.</u>

        .  Pursuant to factual arguments, rules of law and procedure offered herewith Motion

#50 should be denied for the following reasons:

        A). Debtor 34H Holding Corp. did not have standing before this Court to seek

the denial of Claim #2; as a consequence of the fact that its motion objecting to this claim was

1

"untimely served" upon Claimant Adrian P. George based upon Federal rules of procedure and the "clear" provisions within the Plan. 34 Holding Corp.'s untimely service upon the Claimant occurred after its rights to object to Claim #2 had expired and all rights to dispute any and all Claims had become the (sole) authority of the Plan Administrator; pursuant to the terms and conditions of the confirmed "Plan".

B). Further, upon the date of "Plan" confirmation and pursuant to the provisions of the "Plan", the Debtor is now barred from seeking a resolution of these issues as these rights have been specifically reserved as the **"sole authority"** of the Plan Administrator; when the "Plan" was confirmed on June 28, 2019.

C).. Debtor 34 Holdings Motion # 50 requesting the denial of Claim # 2 is solely reliant upon the legal principle of "res judicata". However, the theory of res judicata in this instance cannot prevail as a matter of fact and/or applicable law.

### **Factual Background**

1).. The Debtor is a is a New York Corporation with its principle Place of business at 25 Rockledge Avenue, Apt. 713. White Plains, New York10601. The Debtor owns a single asset, a three family townhouse located at 34 West 128th Street, New York 10027 (the "Property).

2).. On August 9, 2018, in the New York State Supreme Court Case # 154189/2018 judgment was entered against Adrian P. George, (Claimant) denying its Motion in the above reference litigation which included the Defendants Robert Rubin, Keith Stiles, 34 Holding Corp. and Jeffrey Klein.

3). On September 7, 2018 Claimant (timely) filed a Motion to Re-Argue the August 9, 2018; decision of The New York State Supreme Court Case # 154189/2018.. Further, the Motion to Re-Argue the decision named all of the Defendants in Paragraph 2, above.

2

4). On September 11, 2018 Debtor 34 Holding filed a petition for relief under Chapter 11 of the United States Bankruptcy code as a single asset real estate entity. Upon filing and acceptance of this petition for relief Debtor was granted an "automatic stay" pursuant to Section 362 of the code.

5). In the above referenced petition, Debtor listed Creditor's claim in the amount of $317,829.00 on its Schedule F as contingent, unliquidated and disputed.

6). On September 27, 2018 Claimant filed his proof of Claim #2 in the amount of $317,829.00 well in advance of the last day to file proofs of claim; *as presented in Debtor's Exhibit A Form 410 Proof of Claim #2.; of this Motion.*

7).On April 24 2019, the secured Creditor 34 W Funding Inc. the ("Plan Proponent") filed [EFC Nos. 33 and 34] a second amended disclosure statement and plan; which disclosure statement was approved after a hearing held on March 29, 2019 and Order entered on May 2, 2019[ECF No. 38].

8). On June 12, 2019 Debtor filed an "objection" [ECF No. 43] to the above referenced 34 W Funding second amended "Plan". This objection included as "attachments" two (2) Exhibits. Both Exhibit A [ECF 43.1] and Exhibit B [ECF 43.2] were objections to the Claim #2 filed by Adrian P. George.

9). A plan confirmation hearing was held on June 26 2019." During oral arguments; Debtor stated on the record that it *"withdrew its Motion #43 objection to the "Plan"*. Debtor's withdrawal of **"all objections"** were accepted into the record by the Court.

10). Thereafter, an "Order" was granted by this Court confirming the Plan Proponent's Second Amended "Plan" of liquidation which set the "Confirmation date" as June 28, 2019.

11). Two weeks after the June 28, 2019 Plan confirmation and **306 days** after Debtor's Chapter 11 Petition; Debtor filed Motion # 50 noticing this Court of its objection Claim #2 and Debtor served Claimant Adrian P. George; its Motion to object to Claim #2 on July 13; 2019 @ 8:15 A.M...via First Class United States Postal Service. Debtor specifically did not to serve the Claimant by either overnight mail and/or "electronic mail".

I. **Debtor is barred from submitting its motion for denial of Claim #2 as its motion was untimely served upon Claimant. Debtor's service upon Claimant occurred over two weeks after the June 28. 2019 Plan confirmation date. Upon the occurrence of the Plan "confirmation" the Bankruptcy rules and Plan provisions are "explicit" with regards to the methods and the timing of service. Further; after the expiration of the period to challenge a claim both the code and the provisions within the "Plan" clearly state that all rights to litigate disputed claims became "sole authority" of the Plan Administrator; (which) extinguished Debtor's privilege of submitting its Motion #50**

12). With regard to the filing and service of motions; the methodology; rules of serving motions and their timing are clearly articulated in Bankruptcy rule 9014, rule 7004, rule 3007 and more specifically **rule 9006 (a) regarding the Computation of Time; which is specifically referenced on paragraph D/ page 8 in "Plan".**

13). The acceptance of this Court's second amended "Plan" was entered into the record June 28, 2019 as the date the Court's "Confirmation Order". Thereafter the Plan Administrator filed [ECF 52 ] with the Clerk of the Court noticing the effective date of the "Plan" being 12:01 A.M. on Saturday 13 July 2019. pursuant to the "Plan" provisions.

14). As evidenced by the Certificate of Service entered by Debtor's Attorney A. Medina;  service upon Claimant was only sent by U.S.P.S. 1st Class mail  on Saturday July 13 @ 8:15 A.M. *Exhibit 1.*

15). Pursuant to rule 3007 and rule 9006 of the code and the provisions within the " "Plan"  Debtor's service upon the Claimant via 1st Class United States mail occurred "two weeks" after the confirmation order dated June 28, 2019.

16). Therefore; Debtor's Motion #50 should be denied as its service upon the Claimant occurred two (2) weeks after  the order of confirmation dated June 28, 2019.

**.II.  As of the June 28 2019; the order of "Conformation date "; under the "Plan" all  rights to dispute, settle,  contest *and/or litigate* any claims were (thereafter) solely the "authority" of the "Plan Administrator". Therefore, Debtor's Motion # 50 objection to Claim #2  should be denied based upon the clear & unambiguous provisions within the (Bankruptcy)" Code and the provisions of the "Plan; including but not limited to; the following:**

17). **Plan Paragraph 9.17 ( Page 20)**...Prosecution of Objections to Claims; Amendment of Schedules...clearly states..."*The Plan Administrator reserve the right and shall continue to have the **sole authority**, subsequent to the Confirmation Date but prior to the Chapter 11 case being closed, to object to any Claim or request for allowance of an Administrative Expense Claim, whether included on the Debtor's Schedules or reflected in a proof of claim filed with the Bankruptcy Court, and to initiate contested matters and to initiate such proceedings as may be necessary and appropriate*".

18). Within the "Plan" the **Confirmation date** "is clearly defined on Page 4, Paragraph 1.26..."***Confirmation Date" means the date upon which the Confirmation Order is entered on the docket maintained by the Clerk of the Bankruptcy Court with respect to the Chapter 11 Case."***.

19). The "confirmation order" was entered with the Clerk's Office on Friday June 28 2019 as [EFC 49].

20). Debtor's objection to the Claimant"2 was filed two ( 2) weeks after the Plan confirmation and served upon the Claimant on July 13, 2019 @ 8:15 A.M; as presented in Debtor's "Exhibit 1 [EFC 51]" submitted; herewith.

21). Further; pursuant to 11 U.S. Code 1141 (a) "Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor,equity security holder, or general partner is impaired under the plan and whether or not such creditor,equity security holder, or general partner has accepted the plan". Therefore,  the rights of the Debtor were terminated and the **"sole authority"** for determining the disposition of the aforementioned Claims#2; has been the Plan Administrator after the "Confirmation date" and prior to the Chapter 11 case being closed.

22)     Therefore; Debtor's Motion # 50 should be denied based upon the fact that after the June 28, 2019 confirmation date; Federal Bankruptcy Code and the provisions within the "confirmation plan" the Plan Administrator has the "sole authority"  to pursue these matters and Debtor is expressly denied the privilege of filing it Motion of denial.

### III. Debtor's sole reliance upon "res judicata" as the principle of law for the denial of Claim #2 is not applicable as a matter of fact and/or a matter of law.

23).. This Debtor does not meet the requirements under the principle of "res judicata" to request the denial of Claim #2.

24). The principle of "res judicata" requires a "finding of fact" which includes:   a). parties in the current action are the same or are privity with the parties in the prior action; b). the Court that rendered the prior judgment was a court of competent jurisdiction;

 **c). the final action must have been terminated with a final judgment on the merits.**
d). the same claim or cause of action must be involved in both actions...*see Exhibit 2.*

25). With regard to the Claimants obligations; all requirements related to "res Judicata" in the above paragraph #24 sections "a ,b, and d" are evidenced in its Motion to Re-Argue filed on September 7 2018; in New York Supreme Court case #154189/2018 as referenced in Claimant's, Claim #2 Form 410 filed on September 27, 2018.

26). However, Debtor's Motion # 50 clearly does not provide any evidence which meets its requirements under the **above referenced Paragraph 24** "c";...proof that there has been a **"final disposition"** of the New York State Supreme Court litigation. Correspondingly; as **Debtor's only argument being the principle of "res judicata"** in its "denial" Motion #50; Debtor fails to prove its argument  either factually or as a matter of law..

27). As evidenced in **Debtor's Exhibit C** dated May 21 2019; re-stated on July 22, 2019; **New York Supreme Court Judge Arthur Engoron orders issued on these dates (clearly) indicate that this litigation is "Non-Final"** without prejudice; as these matters are automatically "stayed" as a consequence of the Debtor's Chapter 11 petition filed  September 11, 2018 through June 28 2019;  the "Plan" confirmation' see **Exhibit 3.**

28). Whereas, the legal requirements under the principle of "res judicata" have not been met by the Debtor, this principle of law should not be applicable to these proceedings and Debtor's Motion # 50 should be denied.

## VII. Conclusion

29). Debtor's Motion #50 was "untimely" served upon the Claimant as a matter of fact, law and the provisions of the "Plan" confirmed by this Court.

30). Debtor's untimely service was wholly the consequence of its own actions

31). Debtor represented by an Attorney could have petitioned this Court to waive the automatic stay with respect to Claim#2 at any time during the period from September 11 to June 28, 2019 the **"290" days" post petition** prior to the conformation date of the "Plan"...Debtor did not act upon this option.

32).. Based upon the aforementioned provisions of the "Plan"; any and all rights that the Debtor may have had to dispute, deny and/or litigate Claim #2 were terminated and the sole the responsibility for determining the disposition and/or merits of the aforementioned Claims#2 became **the "sole" authority of the Plan Administrator after the "Confirmation date" and prior to the Chapter 11 case being closed. with the finality of the confirmation**

33). Debtor's Motion # 50 **solely relies upon "res judicata" as the principle of law for the denial of Claim #2.** However this principle of law is not applicable to these proceedings before the Court as a matter of fact and/or a matter of law

34). Under the principle of "res judicata" Debtor is challenged to provide "evidence" that the proceedings in New York State Supreme Court case # 154189/2018 were concluded and its case disposition was marked "**final**".

8

35). As evidenced by the <u>Debtor's submission of (its) Exhibit C</u> in its Motion #50

which was re-affirmed in <u>Claimant's Exhibit 3 provided herewith</u>; the <u>orders signed by</u>

<u>Justice Arthur Engoron on May 21, 2019 and July 22, 2019 "clearly" state that the case #</u>

<u>154189/2018 **has not been "marked final"**</u>...as a consequence of the automatic stay

imposed by this Court which had continued since Debtor's filing of its September 11

2018 Chapter 11 petition; through the June 28, 2019 Plan confirmation date.

36). Finally the issues regarding the unresolved New York State Motion to Re-

Argue are identical in all respects with these proceedings; as documented in (Claimant's)

Claim#2 Form 410.

37). Whereas; the above litigation in New York State Court has not reached a

"final" disposition; Debtor's reliance upon this principle of law does not meet its

obligations under provision "c" of this theory and therefore, Debtor's Motion#50 a

request for denial of Claim # 2; should be not be granted.

38). This Debtor a licensed New York State Attorney;  represented by a licensed New

York Bankruptcy Attorney has "apparently" been given every possible and reasonable

opportunity and consideration since the beginning of these proceedings.

39).Since Debtor's acquisition of the subject property on April 18 2018 throughout

and the period as the Debtor-in-possession which ended on June 28, 2019; this ***Debtor's***

***pattern of delinquency*** in its most basic obligations and critical administrative

"oversight" issues; acting as the Debtor-in- possession of the subject property;  have been

numerous and self-evident.

40).Therefore,  this Debtor should not be relieved from its obligation to file its Motion

#50 in a timely fashion.

41). This Debtor should not be given the opportunity to deny Claim#2...as this right has

been " <u>**solely the authority**</u>" of the Plan Administrator upon Plan confirmation June 28, 2019.

42). Neither should this Debtor's; Motion #50 denial of Claim # 2 which solely relies upon the principle of "res judicata" be relieved of its obligation to provide definitive facts and evidence pursuant to the requirements under the "res judicata principle of law"...which proves that the above referenced; New York State Supreme Court proceedings are "**FINAL**"

43). **Claim#2 has been included under Section 5.4 of the confirmed "Plan";** therefore Claimant does not seek to burden this Court with additional time and litigation expenses related to its Claim...as Claimant has supported and accepted the terms and conditions of the "Plan".

44). Debtor a licensed New York Attorney has the option of reducing any (potential) future  litigation expenses by having the (potential)  advantage of representing himself..

45). Claimant acting "Pro Se" made the decision to accept  the "Plan"; based upon Claimant's "life's reality" of present and continuing extenuating personal medical challenges; and he can no longer burden  his "family" who  cannot afford the either  expense and/or the additional time required to hire an Attorney to continue this litigation either in New York State or potentially Federal Court.

46) Therefore; based upon the foregoing; Claimant respectfully requests that Debtor's Motion #50; denial of Claim#2 should be denied.

**Under penalty of perjury, I declare that I have filed this objection and that it is true and correct to be best of my knowledge**.

**Date:  9 September 2019**

**Adrian P. George, Pro Se**

**Claimant # 2**

**7 Van Kirk Place, Sparta New Jersey 07871**

Exhibit (1)    **Doc 51 Debtor's Attorney Amanda Medina Certificate of Service Motion 50
upon A.  P. George Claimant #2 via U.S.P.S.  via 1st class mail**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                                          Chapter 11

34 Holding Corp.,

                                                        Case No. 18-23408 (RDD)

                                Debtor.

-------------------------------------------------------X

## CERTIFICATE OF SERVICE

Amanda Medina, Esq. hereby certifies that pursuant to Federal Rules of Bankruptcy

Procedure 3007 on the 13th day of July, 2019, I served a copy of the Notice of Objection To

Claim No. 2 Filed By Adrian P. George by first class mail as follows:

The Office of United States Trustee          34 Holding Corp.
201 Varick Street, Suite 1006                25 Rockledge Avenue, Apt. 713
New York, NY 10014                           White Plains, NY 10601
Attn: Susan Arbeit, UST Trial Attorney       Attn: Jeffrey I. Klein

Ravert PLLC                                  Adrian P. George
116 West 23 Street, Suite 500                7 Van Kirk Place
New York, New York 10011                     Sparta, NJ 07871
Attn: Gary O. Ravert, Esq.

Robert A. Abrams, Esq. Referee
c/o Katsky Korins LLP
605 Third Avenue
New York, NY 10158-0038

Dated: Norfolk, Connecticut
        July 13, 2019

                                             */s/ Amanda Medina*
                                             Amanda Medina, Esq.

## <u>Amanda Medina Service to Adrian P. George</u>
## <u>Dated 13 July 2019 Postal Markings Explained</u>

A). Signifies the return address of the "Sender"

B). Signifies the mailing address of the recipient.

C). Signifies the postal markings for the mail recipients address in the event that the mailing label is detached, damaged or unable to be read.

D). This United States postage mailing label is only issued by "U.S.P.S. facilities" when the article to be mailed is processed at the counter (only) by a U.S.P.S. employee.

E). This marking identifies the recipients zip code.

F). This marking identifies the location & zip code of the U.S.P.S. office which accepted & processed this mailing/envelope.

G). This marking signifies the month = July; the date=13 and the year=2019; that this postage article was received by a U.S.P.S. employee at the "counter U.S.P. S. postal facility in Norfolk CT 06058".

H). This marking signifies the U.S. P.S. employee who received this article for mailing at the counter of the Norfolk Ct. 06058 postal facility on Saturday 13 July 2019.

### <u>*Pursuant to my phone conversation with Nancy McGarth, Post Master of the Norfolk CT. USPS Postal Facility; on Friday 19 July @ 12:53 P.M. please be advised of the following:*</u>

1). The only USPS postal facility servicing the zip code 06058 is the office located at 6 John J. Curtiss Road Norfolk CT.

2). As listed in the attachment printed from this postal facilities web page the hours of operation for this facility on Friday 12 July & Saturday 13 July were as follows:

Friday 12 July Open @ 8:30 A. M. closed @ 5:00 P.M.

Saturday 13 July       Open @ 8:30 A. M. closed @ 12:00 P.M.

### <u>*3). 06058 Lobby Hours*</u>

Although this postal facility provides 24 hours of "Lobby access" due to the small size & staff of this post office these services are limited as follows:

a). There is no staff to service the Lobby and there are no postage machines in the Lobby; therefore postage stamps are not available in the "Lobby. Postal stamps; an example being the envelope from Attorney Medina are only available at the postage counter.

1

b). The Lobby service only allows postal customers to drop off pre-stamped mail and/or access mail which was delivered to customers who have a postal delivery mail box at this "specific post office.

c). Mail deposited at the "Lobby drop box "is never" cancelled at the 06058 Postal office. All "Lobby mail" deposited at this facility after normal business hours is bundled and forwarded to the Hartford CT. processing station.

***Therefore; The stamp on the envelope sent from Attorney Medina to Claimant Adrian P. George could only have been obtained at the "counter" of the 06058 postal facility between the hours of 8:30 A.M. & 12:00 P.M. on Saturday 13 July 2019; in a transaction processed by the U.S.P. S. with the employee I.D. # R2304P11046-05.***



Amanda Medina, Esq.
524 Winchester Road
Norfolk, CT 06058

Adrian P. George
7 Van Kirk Place
Sparta, NJ 07871

FCM LG ENV
NORFOLK, CT
06058
JUN 19
AMOUNT
$1.60
R2304P119046-05

# Find Locations

‹ Back to list



## 6 JOHN J CURTISS RD
## NORFOLK, CT 06058-9998
Lot Parking Available

Share this location›

**800-ASK-USPS® (800-275-8777)**

| | |
|---|---|
| Phone | 860-542-5087 |
| TTY | 877-889-2457 |

**Retail Hours**

| | |
|---|---|
| Mon-Fri | 8:30am - 1:00pm |
| | 2:00pm - 5:00pm |
| Sat | 8:30am - 12:00pm |
| Sun | Closed |

**Lobby Hours**

| | |
|---|---|
| Mon-Sun | 12:01am - 11:59pm |

**Pickup Services Hours**

| | |
|---|---|
| Mon-Fri | 7:30am - 1:00pm |
| | 2:00pm - 5:00pm |
| Sat | 7:30am - 12:30pm |
| Sun | Closed |

**Last Collection Hours**

| | |
|---|---|
| Mon-Fri | 5:00pm |
| Sat | 12:00pm |
| Sun | Closed |

**PO Box Access Hours**

| | |
|---|---|
| Mon-Sun | 12:01am - 11:59pm |

**PO Box Delivery Time**

| | |
|---|---|
| Mon-Sat | 11:30am |
| Sun | Closed |

**Online Services**

Print a Label with Postage ›
Schedule a Pickup ›
Buy Stamps ›
Forward Mail ›
*Reserve or Renew a PO Box* ›
Schedule a Redelivery ›
Mailing Requirements ›
Media/Press Contacts ›
Vandalism/Theft ›

*Service hours may vary.*

**On-Site Services**

Burial Flags
Business Line
Business Reply Mail Account Balance
Business Reply Mail New Permit
Duck Stamps
General Delivery
Greeting Card Services
Label Broker (Retail)
Money Orders (Domestic)
Money Orders (Inquiry)
Money Orders (International)
PO Box Online
Pickup Accountable Mail
Pickup Hold Mail
Priority Mail International®

Get It Done Online



**Nearby Self-Service Kiosks**

Self-Service Kiosk ›
WEST HARTFORD
102 LASALLE RD
WEST HARTFORD CT 06107

Self-Service Kiosk ›
HARTFORD
141 WESTON ST
HARTFORD CT 06101

Self-Service Kiosk ›
PITTSFIELD
212 FENN ST
PITTSFIELD MA 01201

**Nearby Alternate Locations**

US Post Office™ ›
EAST CANAAN
270 E CANAAN RD
EAST CANAAN CT 06024

US Post Office™ ›
COLEBROOK
560 COLEBROOK RD
COLEBROOK CT 06021

US Post Office™ ›
CANAAN
9 CHURCH ST
CANAAN CT 06018

**Exhibit (2)**       Res Judicata...Legal Requirements & Post Confirmation Binding Effects

## Res Judicata...Legal Requirements & Post Confirmation Binding Effects

### Res Judicata Legal Standard

The doctrine of *res judicata* is one of claim preclusion whereas collateral estoppel is one of issue preclusion. *Res judicata* can only apply if: 1) the parties in the current action are the same or are in privity with the parties in the prior action; 2) the court that rendered the prior judgment was a court of competent jurisdiction; 3) the prior action must have terminated with a final judgment on the merits; and 4) the same claim or cause of action must be involved in both actions.  *See, e.g., Holmes v. Shell Offshore, Inc.,* 37 BRBS 27 (2003).

## Res Judicata  Concept of Privity

The second factor to consider is whether the parties in the second action are the same parties that litigated the first action. This can be established either by showing that the parties litigating this action are identical to the parties who litigated the first action or by at least showing that the parties in the second action were in <u>privity</u> with the parties in the first action. For example:

Josh brings an action against Barry for negligence, for injuries Josh sustained when he was a passenger in Barry's car when it was involved in an automobile accident. The action is adjudicated on the merits and Barry is found to be not liable. Mary, who was also a passenger in Barry's car with Josh when it was involved in the accident, files a different suit against Barry for negligence for injuries she sustained during the same accident. Barry asserts the doctrine of *res judicata*. Even though the two separate actions arise from the same accident and are against the same defendant, because the plaintiffs differ, the doctrine of *res judicata* does not apply.

However, for *res judicata* to apply, the parties do not have to be exactly identical. If a party to the second action is in <u>privity</u> with a party in the first action, *res judicata* may apply. <u>Privity</u> means that the second party is connected or shares the same interests as the first party. There are many ways in which a party can be in <u>privity</u> with another party. For example, the second party may have succeeded to an interest that the first party had (such as if the second party bought the company that was the plaintiff in the

first case). If the second party  somehow controlled the litigation in which the first party was involved, or where the second party and the first party are involved in an agent-principal relationship, the doctrine may also apply. This often occurs in insurance and employment cases. If the first party either did or could have adequately represented the second party's interests, then *res judicata* may apply.

*Article excerpted from, edited and created by:* Res Judicata and Collateral Estoppel - LawShelf Educational Media
*Weblink:* https://lawshelf.com/courseware/entry/res-judicata-and-collateral-estoppel


# Specific Post confirmation Binding Effect Upon Parties

1. **EFFECT OF CONFIRMATION**

11 U.S.C. § 1141 addresses the effect of confirmation in a Chapter 11 case. Subsection (a) deals with the binding effect of the plan and order of confirmation, and the identity of the parties found thereby; subsection (b) pertains to the vesting of property in the debtor and the disappearance of the bankruptcy estate; and subsections (c) and (d) deal with the discharge of claims and liens.

1. **Binding Effect -Res Judicata**

According to 11 U.S.C. § 1141(a) and except as provided in 11 U.S.C. § 1141(d)(2) and (d)(3), the provisions of a confirmed Chapter 11 plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the creditor, equity security holder, or general partner has accepted the plan. Thus, once an order is entered confirming a plan, it is a final binding order accorded res judicata effect as to all issues and claims arising thereunder. See Prudence Realization Corp. v. Ferris, 323 U.S. 650, 654-55 (1944) (Bankruptcy Act Case); DNK Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257, 259 (7th Cir. 1997) (citing In re Heritage Hotel Partnership I, 160 B.R. 374, 377 (9th Cir. BAP 1993), affirmed 59 F.3d 175 (9th Cir. BAP 1995); Bizzell V. Hemingway, 548 F.2d 505 (4th Cir. 1977); see also Katchen v. Landy, 382 U.S. 323, 334 (1966) ("the ordinary rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts") (citations omitted); Stoll v. Gottlieb, 305 U.S. 165 (1938).

The binding effect of a confirmed plan often is compared to an order for relief in a Chapter 7 case. See 8 Collier on Bankruptcy, 1141.02 (1997). A Chapter 7 order for relief is a judgment in rem and is binding upon all parties in interest, whether or not they have entered an appearance, either directly or indirectly. Id. Similarly, an order confirming a Chapter 11 plan also is like a judgment in rem in that it determines the

rights and liabilities of the parties to the plan and binds all parties in interest, whether or not they have chosen to appear in the case. Id.; see e.g. First Union Commercial Corp. v. Nelson Mullins, Riley & Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1315 (4th Cir. 1996).

*Article excerpted from, edited and reviewed by FindLaw Attorney Writers*
*Weblink:* https://corporate.findlaw.com/finance/specific-postconfirmation-issues.html

Exhibit (3)    **Debtor's Exhibit C & Claimant's Documentation evidencing that the New York State Supreme Court Case # 154189/2018; is not designated "FINAL".**

# EXHIBIT B

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _Engoron_                                      PART 37
                                    _Justice_

Index Number : 154189/2018          INDEX NO. _____
GEORGE, ADRIAN                      MOTION DATE _____
vs
RUBIN, ROBERT                       MOTION SEQ. NO. _____
Sequence Number : 002
— REARGUMENT/RECONSIDERATION

The following papers, numbered 1 to ____ , were read on this motion to/for _re-argue_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____
Answering Affidavits — Exhibits _____ | No(s). _____
Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

denied without prejudice to renew
as defendant has filed a petition in
bankruptcy court.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: 5/21/19                                          _____, J.S.C.
                                         HON. ARTHUR F. ENGORON
                                         ☑ NON-FINAL DISPOSITION

1. CHECK ONE: ............................... ☐ CASE DISPOSED
2. CHECK AS APPROPRIATE: ...........MOTION IS: ☐ GRANTED  ☑ DENIED  ☐ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ............................ ☐ SETTLE ORDER      ☐ SUBMIT ORDER
                                         ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

1 of 1

FILED: NEW YORK COUNTY CLERK 07/05/2019 11:08 AM   INDEX NO. 154189/201
NYSCEF DOC. NO. 57                                  RECEIVED NYSCEF: 07/05/201

# SPECIAL PRE-NOTE BLOCKBUSTER CONFERENCE

This case has been included in a **Pre-Note Blockbuster Calendar** scheduled for **Monday, July 22 at 3:00 P.M.** in Part 37, Room 418 at 60 Centre Street before the Honorable Arthur F. Engoron.

**ONLY COUNSEL FULLY FAMILIAR WITH THE CASE SHALL APPEAR. PLEASE DO NOT SEND PER DIEM COUNSEL.** Counsel must bring copies of all previously issued orders, decisions, and stipulations.

**Failure to appear shall result in the dismissal of this action pursuant to Uniform Rule 202.27.**

**Mandatory notification to parties not participating via NYSCEF:**
A Plaintiff or Petitioner who receives this notice shall transmit a copy (by mail or electronic means) to all counsel or self-represented litigants who are not participating via NYSCEF and bring proof of such notification to court.

**Please follow your case on eTrack for updates and dispositions.** You may sign up for eTrack by searching the following: **eTrack - Unified Court System**.

**If the case has already been resolved or settled, please complete the section below and return it by fax or e-mail as outlined. Upon receipt, the case will be marked "disposed" if appropriate.**

Please complete and return **NO LATER THAN JULY 19th** as follows:

Email: Ms. Margie Ramos-Ciancio mciancio@nycourts.gov or via Fax (212) 952-2757

**Index Number** _____ has been **resolved completely** pursuant to **NYSCEF**

**DOCUMENT NO.** _____     **OR**

**Index Number** _____ is **resolved completely** as follows: _____

_____

_____

ATTORNEY FOR: _____

SIGNATURE: _____

PRINT NAME: _____
**(PURSUANT TO 22 N.Y.C.R.R. 130-1.1)**

154189/2018E    GEORGE, ADRIAN                    RUBIN, ROBERT
                E-OTHER REAL PROPERTY             E-FILED GENERAL CASES
                ENGORON, ARTHUR F.                STAYED              PRE-NOTE


LAST - 07/22/2019                    37          IAS PART 37
                                     EAF         ENGORON, ARTHUR F.
        SINTAL                       S           STAYED
        COMMENT1:   3:00 P.M.              COMMENT2: BANKRUPTCY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In re:

34 Holding Corp.,

                                    Debtor.

---------------------------------------------------------X

FILED
U.S. BANKRUPTCY COURT

Chapter 11  2019 SEP -9  A 10: 03

S.D. OF N.Y.
Case No. 18-23408 (RDD)

## CERTIFICATE OF SERVICE

        Adrian P. George Pro Se;  hereby certifies that pursuant to Federal Rules of Bankruptcy
Procedure 3007 on the 9th day of September, 2019;  by means indicated below served each of
the persons and entities on the attached Service List below in the manner indicated therein
with a true and correct copy of  my Objection to Motion #50 the Notice of Objection To
Claim No. 2 Filed By Adrian P. George via electronic mail as follows:

**Monday, 9 September, 2019: Via Email**
Amanda Medina on behalf of Debtor 34 Holding Corp via
**(abogado1@aol.com)**
Susan Arbeit United States Trustee/Trial Attorney via
**susan.arbeit@usdoj.gov**
Gary O. Ravert on behalf of the Plan Administrator 34 W 128 Funding Inc.
via (**gravert@ravertpllc.com**)
**Monday, September 9 2019; Via  United States Priority Mail with
tracking:**
**Amanda Medina on the behalf of the Debtor**
Amanda Medina, Esq.
524 Winchester Road
Norfolk, Ct. 06058
**Gary Ravert, Attorney for the Plan Administrator**
Gary Ravert, Esq.
Ravert P.L.L.C.
116 West 23rd Street; Suite 500
New York, N.Y. 10011
**Susan Arbeit United States Trustee/Trial Attorney**
Office of the Unites States Trustee
201 Varick Street; Suite 1006
New York, N.Y. 10014

Dated: Sparta New Jersey,
        September 9, 2019

Adrian P. George
Claimant #2
Pro Se
*/s/ Adrian P. George*