Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010
Fax: (212) 868-0013
Email: paloe@kudmanlaw.com
       dsaponara@kudmanlaw.com

*Attorneys for Trendi Homes Parties*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>　　　　　Debtor-in-Possession. | Confirmed Chapter 11<br><br>Case No. 18-23408 (RDD) |

### OBJECTION AND MEMORANDUM IN OPPOSITION TO
### PLAN ADMINISTRATOR'S MOTION FOR CONTEMPT (Docket Nos. 60, 76, and 99)

Trendi Homes LLC d/b/a Trendihomes.com ("Trendi Homes"), Genoa Sampson a/k/a Gigi Fortune, a/k/a Genea Sampson ("G. Sampson"), and Jazzy Sampson a/k/a Jazzy Fortune ("J. Sampson" and, together with Trendi Homes and G. Sampson, the "Trendi Homes Parties"), by their attorneys, Kudman Trachten Aloe LLP, respectfully object to the motion of the plan administrator, 34 W 128 Funding, Inc. (the "PA"), seeking to hold them in civil contempt.

As demonstrated herein, and as not really disputed, the Trendi Homes Parties have complied with the Court's orders and, under applicable Second Circuit standards, there is no basis to punish them for contempt, hold them liable for legal fees, award sanctions against them, or otherwise grant the PA any of the relief requested in the motion. Indeed, on the latest application, the PA concedes that the Trendi Homes Parties vacated the subject property "[o]n August 4th or

Pg 2 of 8

5[th][1]—i.e., before the Court even heard the first contempt motion on August 6, 2019—and have produced all the documents required in the Court's order dated August 9, 2019 (Docket No. 69).[2] This is not a situation where contempt sanctions are required to compel compliance with the Court's order—the PA has already conceded the Trendi Homes Parties' compliance.

Moreover, the specific items of monetary relief that the PA is asking the Court to order—legal fees, utilities bills, and use and occupancy for the subject property—relate almost exclusively to the time period preceding the first contempt motion and have nothing whatsoever to do with the Trendi Homes Parties' compliance with the Court's August 9 order to produce documents. The PA's attempt to recover these sums from the Trendi Homes Parties on this motion amounts to an improper attempt to seek reargument of this Court's earlier order, in which it expressly stated that "[t]he Court does not find the Trendi Homes Parties in contempt of the Confirmation Order."[3]

Even more troubling, the monetary relief that the PA is seeking to obtain against the Trendi Homes Parties as civil contempt sanctions is the exact same relief sought in the PA's recently commenced adversary proceeding against the Trendi Homes Parties, Jeffrey I. Klein (the debtor's principal), and Mr. Klein's associates (Keith J. Stile and Kenneth Rudolph) (Docket No. 97). To the extent that the PA believes it has any claims at all (and we respectfully submit that it does not as against the Trendi Homes Parties), those claims should be resolved in the adversary proceeding and not on an improperly brought and woefully unsupported motion for civil contempt sanctions.

---

[1] Statement in Support of Award of Legal Fees, Costs and Sanctions on Motions For Contempt Filed By Plan Administrator (Docket No. 99) ("PA Statement") ¶ 4.

[2] PA Statement ¶¶ 14–19, 22.

[3] Local Bankruptcy Rule 9023-1 provides that "[a] motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion." The PA never moved for reargument of the Court's August 9 order.

2

## **LEGAL STANDARD FOR CONTEMPT**

The standards for contempt in this Circuit are well established. As the Second Circuit instructed in *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)

> In analyzing a contempt order, we recognize that such an order is a "potent weapon," *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967), to which courts should not resort "where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct," *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618, 5 S.Ct. 618, 622, 28 L.Ed. 1106 (1885). A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. *See Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102 (2d Cir.1965) (per curiam). More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *See New York State Nat'l Org. for Women v. Ter*ry, 886 F.2d 1339, 1351 (2d Cir.1989), cert. denied, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990).

*See also Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159 (2d Cir. 2009). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate 'reasonable certainty' that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (citation omitted). "Any doubts whether the requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt." *In re Markus*, 607 B.R. 379, 395 (Bankr. S.D.N.Y. 2019).

Where a party takes substantial steps to comply with a court's order and does comply with that order, civil contempt sanctions are not warranted. *See Latino Officers Ass'n City of New York, Inc.*, 558 F.3d at 165. That is because "[c]ivil contempt is a 'potent weapon,' which courts should not employ 'where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 698 (S.D.N.Y. 2016) (citation omitted).

3

"While bankruptcy courts can impose compensatory sanctions for civil contempt, a bad faith finding is required when a court imposes attorney's fees as a sanction . . . ." *In re JJE & MM Grp. LLC*, 692 F. App'x 43, 45 (2d Cir. 2017) (internal quotations and citations omitted). The threshold for a bad faith finding sufficient to warrant awarding attorneys' fees as civil contempt sanctions is exceedingly high. For example, the Supreme Court has explained that a court may assess attorneys' fees as contempt sanctions if it "finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil Prod. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946)).

It is the PA's obligation to prove the elements of civil contempt by clear and convincing evidence. The PA's submissions do not come close to meeting this burden.

### THE TRENDI HOMES PARTIES DILIGENTLY COMPLIED WITH THE ORDER

At the outset, the Trendi Homes Parties do not dispute that the Court's August 9 order is clear and unambiguous. The Court directed the Trendi Homes Parties "to disclose and turn over to the Plan Administrator all of their books and records pertaining to the Property" (Docket No. 69 ¶ 5), so that is what the Trendi Homes Parties did. The PA's recent statement confirms that the Trendi Homes Parties complied with the Court's directive, expressly limiting its complaint to the number of days it took them to complete their production.[4] However, the standard for contempt in the Second Circuit is not whether the Trendi Homes Parties failed to strictly comply but whether they failed to "diligently attempt[] to comply in a reasonable manner." *King*, 65 F.3d at 1058. The PA has not presented any evidence to prove by clear and convincing evidence that that the Trendi Homes Parties did not make diligent and reasonable efforts to comply with the August 9 order.

---

[4] PA Statement ¶ 25.

4

The truth is that the Trendi Homes Parties have done everything in their power to comply with the Court's directives—even before the Court issued the August 9 order and before they engaged counsel to assist them in this matter. The Court need look no further than the PA's counsel's own statements to the Court to find proof of their consistent good faith efforts since first learning about the existence of this bankruptcy case in mid-July 2019.

During the August 6, 2019, hearing on the PA's original contempt motion (Docket No. 60), the PA's counsel, Mr. Ravert, advised the Court that G. Sampson "emailed [him] a number of times, probably five, six times, each time demonstrating further and further kind of cooperation" with the PA's demand to vacate the subject property (Docket No. 73 at 3:22–25). Mr. Ravert continued: "First, it was 30 days, we'll be out, then it was a little less than that, a little less than that, and then the most recent one was we will be totally out of the building by August 4th" (*Id.* at 3:25–4:3). After noting that the Trendi Homes Parties had "cleared everything out with the exception of a bed" and "waiv[ed] any rights of possession" to any remaining personal property, Mr. Ravert characterized G. Sampson's efforts as "obviously a huge step forward and gets us very far along the way" (*Id.* at 4:9–19).[5] Thus, far from defying the PA's demand to vacate the subject property, the Trendi Homes Parties expedited their efforts and managed to vacate within one week of the PA's filing the first contempt motion on July 29, 2019.

Mr. Ravert further acknowledged during the August 6 hearing that Trendi Homes Parties "seem naive about the court system" and "seem to be naive about this process" (*Id.* 5:25–6:2). Despite their naiveté—and without the assistance of counsel—the Trendi Homes Parties began producing documents to the PA's counsel in early September 2019.[6] As the PA correctly notes,

---

[5] Notably, Mr. Ravert said nothing of the condition of the subject property during the August 6 hearing, although the PA now claims that the Trendi Homes Parties "left it filthy inside and out." PA Statement ¶ 4.

[6] PA Statement ¶ 14.

5

the Trendi Homes Parties did not engage counsel until late September 2019,[7] after which they promptly produced additional documents and worked with the PA's counsel to ensure the production was complete, going so far as to provide certifications attesting to their completeness.[8]

These facts—which come from the PA's statement and therefore cannot credibly be disputed—make clear that the Trendi Homes Parties' efforts to comply with the August 9 order were both diligent and reasonable. Accordingly, there is no basis for the PA's motion seeking to hold them in contempt based solely on brief delay in completing their production.

## THE REQUESTED CIVIL CONTEMPT SANCTIONS ARE IMPROPER

Even if the Court finds that the PA has met its burden to prove the elements of civil contempt by clear and convincing evidence, awarding the PA sanctions against the Trendi Homes Parties would be improper. "[T]he sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). Issuing civil contempt sanctions against the Trendi Homes Parties under the circumstances here would serve neither purpose.

First, as the PA admits, the Trendi Homes Parties have fully complied with the Court's August 9 order directing them to turn over documents, and there are no outstanding obligations for which the Court needs to "coerce future compliance." Second, the PA has utterly failed to demonstrate by any measure—let alone by clear and convincing evidence—that the modest delay in receiving the Trendi Homes Parties' documents has harmed the post-confirmation estate. Indeed, none of the components of monetary relief that that PA is asking the Court to order have any relation to the Trendi Homes Parties' delayed compliance with the Court's August 9 order.

---

[7] PA Statement ¶ 15.

[8] PA Statement ¶¶ 16–18.

The Con Edison bills, water and sewer charges, cleanup and locksmith services, and use and occupancy that PA is asking this Court to order the Trendi Homes Parties to pay all relate to the PA's contention that the Trendi Homes Parties violated the Confirmation Order—a contention that this Court expressly rejected in the August 9 order, where it found that the Trendi Homes Parties were not in contempt of the Confirmation Order. Moreover, the claims in the PA's recently commended adversary proceeding seek to recover the same alleged damages, although not exclusively against the Trendi Homes Parties. Either way, the PA cannot explain how any of these charges relate to the Trendi Homes Parties' alleged failure to diligently and reasonably comply with the August 9 order, which merely directed the Trendi Homes Parties to produce documents.

The PA's request for an award of more than $20,000.00 in legal fees against the Trendi Homes Parties[9] is even more egregious. As noted above, the Court cannot award attorneys' fees as sanctions for civil contempt unless the PA proves that the Trendi Homes Parties acted in bad faith. *In re JJE & MM Grp. LLC*, 692 F. App'x at 45. The PA has not presented any such evidence. To the contrary, the PA concedes that the Trendi Homes Parties have complied with the August 9 order. Moreover, the majority of the legal fees that the PA is seeking to recover are unrelated to the contempt motion and the Trendi Homes Parties' compliance with the August 9 order.

For example, the PA is seeking payment for approximately fifteen hours of work focused exclusively on researching, drafting, and filing the adversary proceeding complaint (Docket No. 99-2 at 8). Putting aside that the Trendi Homes Parties are not the only defendants named in the adversary proceeding,[10] the PA's commencement of the adversary proceeding is entirely

---

[9] PA Statement ¶ 24.

[10] Indeed, the Trendi Homes Parties are not even the primary targets of the adversary proceeding, given the PA's allegations concerning the existence of a conspiracy amongst Messrs. Klein, Stiles, and Rudolph (Docket No. 97 ¶¶ 20–21) and Mr. Klein's false representations to the Court in documents filed under penalty of perjury (*Id.* ¶¶ 24, 26).

7

disconnected from the issue of whether the Trendi Homes Parties complied with the Court's August 9 order directing them to produce documents. In any event, the PA is seeking to recover the exact same legal fees in the adversary proceeding complaint (Docket No. 97).

In sum, the aim of the PA's contempt motion is not to compel compliance with the August 9 order or to compensate the post-confirmation estate for non-compliance. The Trendi Homes Parties' compliance with the August 9 order is conceded, and there is no evidence demonstrating that the post-confirmation estate suffered any harm from the Trendi Homes Parties' brief delay in completing their production. What the PA is really is asking the Court to do is overrule its prior determination that the Trendi Homes Parties were not in contempt of the Confirmation Order so that the PA may expedite the relief that it is seeking in the adversary proceeding. This is a patently improper attempted use of the "potent weapon" of contempt, one that the Court ought not to countenance.

## CONCLUSION

For the reasons explained above, the Trendi Homes Parties respectfully submit that the Court should deny the PA's motion for contempt.

Dated: New York, New York
       February 6, 2020

By: _____
Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010
Fax: (212) 868-0013
Email: paloe@kudmanlaw.com
       dsaponara@kudmanlaw.com

*Attorneys for Trendi Homes Parties*

8