**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>34 HOLDING CORP,<br><br>*Debtor-in-Possession.* | Confirmed Chapter 11<br><br>Case No. 18−23408 (RDD) |

### ORDER ON MOTIONS FOR CONTEMPT [Docket Nos. 60, 72]

Upon the motion for contempt filed July 29, 2019 (the "**First Contempt Motion**") [Docket No. 60] by 34 W 128 Funding Inc. in its capacity as plan administrator (the "**Plan Administrator**") of the confirmed second amended plan of liquidation (the "**Plan**") [Docket No. 33], pursuant to the Plan and the order confirming same (the "**Confirmation Order**") [Docket No. 49], for an order (i) compelling compliance with the Confirmation Order, (ii) finding Trendi Homes LLC d/b/a Trendihomes.com ("**Trendi Homes**"), Genea Sampson a/ka Genoa Sampson a/k/a Gigi Sampson a/k/a Gigi Fortune ("**G. Sampson**"), and Jazzy Sampson a/k/a Jazzy Fortune ("**J. Sampson**", and collectively with Trendi Homes and G. Sampson, the "**Trendi Home Parties**") in civil contempt, (iii) directing the Trendi Homes Parties to vacate the property located at 34 W 128 Street, New York, NY 10027 (the "**Property**"), (iv) directing the Trendi Homes Parties to turn over all books, records and documents related to their use of Debtor and Post-Confirmation Estate[1] property for short-term rentals, and (v) awarding costs and fees of the Plan Administrator; and this Court having held a hearing on the First Contempt Motion on August 6, 2019 (the "**First Contempt Hearing**") and having taken judicial notice of the papers and pleadings on the docket in this chapter 11 case of the above-captioned debtor (the

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Confirmation Order and Plan.

1

"**Debtor**"); and the Court having concluded that the First Contempt Motion and notice thereof were clear, sufficient and proper; and no opposition to the relief sought in the First Contempt Motion having been filed; and the Trendi Homes Parties having been given sufficient notice of the First Contempt Hearing and of the First Contempt Motion having failed to appear at such Hearing; and upon the entry of an order on August 9, 2019 [Docket No. 69] directing the Trendi Homes Parties to turn over certain books and records within 14 days, denying in part the relief requested in the First Contempt Motion, and adjourning the hearing on the request therein for legal fees and costs (the "**August 9th Order**");

And upon the second motion for contempt filed August 30, 2019 (the "**Second Contempt Motion**" and with the First Contempt Motion, the "**Motions**") [Docket No. 72] by the Plan Administrator seeking an order and judgment (a) of contempt against the Trendi Homes Parties alleging that they willfully violated the August 9th Order by failing to timely comply with the Court's order to turn over all books, records and documents related to the use of the Property for short-term rentals during the pendency of this chapter 11 case, and (b) of an award costs and fees of the Plan Administrator; and the Court having found that service of the Second Contempt Motion was proper and that the Trendi Homes Parties were provided an adequate opportunity to respond; and the Court having held an initial hearing on October 8, 2019 on the Second Contempt Motion (the "**Second Contempt Hearing**"), and counsel for the Trendi Homes Parties having appeared at such hearing;

And the hearing on the Second Contempt Motion and the continued hearing on the First Contempt Motion having been adjourned to February 10, 2020 (the "**February 10th Contempt Hearing**" and with the First and Second Contempt Hearing, the "**Hearings**") for a hearing on damages sought in the Motions; and the Plan Administrator having filed on January 17, 2020

2

[Docket No. 99] a statement in further support of its requests for legal fees, costs and sanctions against the Trendi Homes Parties; and the Trendi Homes Parties having filed on February 6, 2020 an objection [Docket No. 106] to any relief sought in the Motions, including but not limited to any award of fees or costs; and counsel for the Trendi Homes Parties, the principal of the second lien lender, and counsel for the Plan Administrator having appeared at the February 10th Contempt Hearing;

And the Court having found that it has the power inherent in all courts to address breaches of its orders or the statutes that this Court is administering; and, after due deliberation and for the reasons set forth in its bench ruling on the record at the February 10th Contempt Hearing, the Court having determined that an award of legal fees and associated costs for preparing, filing and serving the Motions was warranted as actual damages for the Trendi Homes Parties contempt of the Confirmation Order and the August 9th Order; and, as directed at the February 10th Contempt Hearing, counsel for the Plan Administrator having submitted, on notice to counsel for the Trendi Homes Parties, the Plan Administrator's time and expense records for the services and expenses consistent with the Court's bench ruling; and good and sufficient cause appearing,;

**THE COURT HEREBY FINDS, DETERMINES, ORDERS AND ADJUDGES AS FOLLOWS:**

1. The Motions are granted solely as set forth herein.

2. The requests for legal fees and costs sought in the Motions are granted solely as to the legal fees and service costs for preparing and filing the Motions and serving same and the balance of any other requests for relief in the Motions relating to reimbursement for other bills, invoices and expenses related to the Property. including costs incurred by the Plan Administrator, MYC & Associates, Con Edison bills, water and sewer charges, use and

3

occupancy of the Property, and any other legal fees and costs to the extent not addressed in this Order are all reserved to be addressed in the Adversary Proceeding 20-08205 (RDD).

3. The Trendi Homes Parties jointly and severally shall pay the Plan Administrator, so as to be received by the Plan Administrator within 30 days of entry of this Order (the "**Payment Deadline**"), the sum of $5,160 in legal fees and $463.99[2] in Motion-related expenses for a total of $5,623.99 as actual, compensatory damages for contempt of the Confirmation Order and the August 9th Order.

4. The Plan Administrator shall file within one business day of the Payment Deadline a certification on the docket sheet in this case certifying what, if any, payments were made by the Payment Deadline.

5. If the full amount set forth in paragraph 3 above is not timely received by the Plan Administrator by the Payment Deadline, the Clerk of the Court is hereby directed to enter a money judgment against the Trendi Homes Parties as follows:

> This Court has Ordered that,
>
> Trendi Homes LLC d/b/a Trendihomes.com ("Trendi Homes"), Genea Sampson a/ka Genoa Sampson a/k/a Gigi Sampson a/k/a Gigi Fortune ("G. Sampson"), and Jazzy Sampson a/k/a Jazzy Fortune ("J. Sampson", and collectively with Trendi Homes and G. Sampson, the "Trendi Home Parties") shall pay 34 W 128 Funding Inc. in its capacity as plan administrator of the post-confirmation estate of 345 Holding Corp. (the "Plan Administrator") the sum of $5,623.99, plus interest at the federal post-judgment rate at set forth in 28 U.S.C. § 1961(a), plus reasonable legal fees incurred by the Plan Administrator in enforcing this Judgment, less any amounts received hereunder, all for which execution shall issue forthwith.

---

[2] Legal fees: .1 hr on 7/25/19, .8 hrs on 7/26/19, 7.7 hrs on 7/28/19, 4.1 hrs on 7/29/19, and 4.5 hrs on 8/30/19 for a total of 17.2 hours @ 300/hour = $5,160 and expenses: $112.00 for priority mail charges on 7/29/19, $270.94 for research on service addresses of Trendi Homes Parties, and $81.05 priority mail charges on 8/30/19 for a total of $463.99.

4

6. The Plan Administrator shall serve this Order immediately upon entry by email, where email addresses are known, and by overnight mail on the Trendi Homes Parties, upon the Office of the United States Trustee, counsel to the Trendi Homes Parties, Debtor's counsel, and all other case parties who have requested notice in this chapter 11 case and shall filed a certificate of service regarding same.

Dated: February 14, 2020  /s/ Robert D. Drain
      White Plains, New York  United States Bankruptcy Judge